DANIEL BOGDEN
United States Attorney
MICHAEL CHU
Assistant United States Attorney
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101
(702) 388-6336

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL INDICTMENT |
| Plaintiff, | 2:10-CR- 578 |
| v. | VIOLATIONS: |
| LINDA LIVOLSI,<br>aka Linda Grogg, | 18 U.S.C. § 1349 - Conspiracy to Commit Wire Fraud |
| Defendant. | 18 U.S.C. § 1343 - Wire Fraud |

**THE GRAND JURY CHARGES THAT:**

At all times relevant to this Indictment:

### COUNT ONE
Conspiracy to Commit Wire Fraud

1. From a date no later than in or about 2006, to in or about 2010, in the State and Federal District of Nevada and elsewhere,

**LINDA LIVOLSI,**
aka Linda Grogg,

defendant herein, did knowingly and willfully combine, conspire, and agree with others known and unknown to the grand jury to commit the crime of wire fraud, that is, the defendant and others did devise, intend to devise, and participate in a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent

pretenses, representations, and promises, and for the purpose of executing the scheme and artifice did transmit and cause to be transmitted money by means of wire communications in interstate and foreign commerce, in violation of Title 18, United States Code, Section 1343.

## The Objective of the Conspiracy

2.  The objective of the conspiracy was to obtain money and property by defrauding victims into believing that the defendant would invest their money in a hedge fund when the defendant fraudulently intended to use the money for her personal benefit.

## Manner and Means of the Conspiracy

3.  It was part of the conspiracy that the defendant solicited people to allow her to invest their money in a hedge fund.

4.  It was part of the conspiracy that defendant falsely and fraudulently induced people to invest with her by representing that she was an investment advisor to a hedge fund that would invest in publicly traded companies, and that her hedge fund had a track record of outstanding returns, when she then and there well knew that she would not invest their money in a hedge fund.

5.  It was a further part of the conspiracy that the defendant provided to victims fraudulent documents that purported to support the existence and track record of her hedge fund when the defendant then and there well knew that she did not intend to invest their money in the hedge fund.

6.  It was a further part of the conspiracy that defendant did not invest the investors' money in her hedge fund.

7.  It was a further part of the conspiracy that the defendant and her co-conspirators used the money to pay for personal purchases and expenses.

8.  It was a further part of the conspiracy that defendant caused "account statements" to be sent to victims to lull them and prevent them from questioning whether

their money had, in fact, been invested, where these statements falsely listed the investments purchased by the hedge fund.

9. It was a further part of the conspiracy that when victims tried to withdraw their money from the "hedge fund," the defendant and her co-conspirators acted to delay and deceive to prevent the victims from complaining to law enforcement.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO
### Wire Fraud

10. The allegations set forth in Count One are re-alleged and incorporated as if fully set forth herein.

11. From in or about 2006, to in or about 2010, in the State and Federal District of Nevada and elsewhere,

**LINDA LIVOLSI,**
aka Linda Grogg,

defendant herein, did devise and intend to devise, and participate in a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises.

12. On or about the date set forth below, for the purpose of executing the scheme, defendant did cause to be transmitted by means of wire communication in interstate commerce the following writings, signs, signals, and sounds, with each transmission constituting a separate violation of Title 18, United States Code, Section 1343:

| Count | Date | Wire |
|-------|------|------|
| 2 | December 4, 2007 | Wire transfer of $5,015,000.00 from E.B. of Maryland to RGM Enterprises LLC in Nevada, Wachovia Bank account xxxxxxxx3450. |

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION
Conspiracy to Commit Wire Fraud and Wire Fraud

1. The allegations of Counts One and Two of this Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Codes, Section 2461(c).

2. Upon a conviction of the felony offenses charged in Counts One and Two of this Indictment,

**LINDA LIVOLSI,**
aka Linda Grogg,

defendant herein, shall forfeit to the United States of America, any property which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 1343, a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B), and Title 18, United States Code, Section 1349, a conspiracy to commit such offense, an *in personam* criminal forfeiture money judgment up to $5,015.000.00 in United States Currency.

3. If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant –

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property that cannot be divided without difficulty;

. . .

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendant up to $5,015.000.00 in United States Currency.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 1343, a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B); Title 18, United States Code, Section 1349; and Title 21, United States Code, Section 853(p).

**DATED**: this _____ day of December 2010.

**A TRUE BILL:**

/S/
FOREPERSON OF THE GRAND JURY

DANIEL BOGDEN
United States Attorney

MICHAEL CHU
Assistant United States Attorney