# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

Frank H. McCarthy
U.S. Magistrate Judge

333 West Fourth
United States Courthouse
Tulsa, Oklahoma 74103

(918) 699-4760

December 9, 2010

Lance Wilson
Clerk of Court
Nevada
333 Las Vegas Boulevard South, 1st Floor
Las Vegas, NV  89101-7065

*2:10CR578*

RE: USA v. Linda Livolsi
ND/OK Case No. 10-mj-156-FHM
Your Case No. 2:10-cr-578

Dear Clerk:

In compliance with Fed. R. Crim. P. 5, I am enclosing the original documents retained in the above-captioned case, and a copy of this Court's docket sheet.

Please acknowledge receipt on the enclosed copy of this letter and return the copy in the enclosed, self-addressed envelope.

Very truly yours,

PHIL LOMBARDI, CLERK

By: _____
Deputy Clerk

Rule 5 Letter

CR-23 (10/06)

RELEASED

# U.S. District Court
## U.S. District Court for the Northern District of Oklahoma (Tulsa)
## CRIMINAL DOCKET FOR CASE #: 4:10-mj-00156-FHM All Defendants
### Internal Use Only

Case title: USA v. Livolsi
Other court case number: 2:10-cr-578 District of Nevada

Date Filed: 12/09/2010

Assigned to: Magistrate Judge Frank H McCarthy

**Defendant (1)**

**Linda Livolsi**          represented by **Anthony Lee Allen**
Graham Allen & Brown PC
427 S BOSTON AVE STE 355
TULSA, OK 74103
918-948-6171
Fax: 800-460-3446
Email: tony@lawtulsa.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Scott Alan Graham**
Graham Allen & Brown PC
427 S BOSTON AVE STE 355
TULSA, OK 74103
918-948-6171
Fax: 918-398-9096
Email: scott@lawtulsa.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**          **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**          **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**

18:1349 Conspiracy to Commit Wire Fraud, 18:1343 Wire Fraud

**Disposition**

**Plaintiff**

USA     represented by **Ryan Souders**
United States Attorney's Office (Tulsa)
110 W 7TH ST STE 300
TULSA, OK 74119-1013
918-382-2700
Fax: 9180560-7954
Email: ryan.souders@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Select all / clear | Docket Text |
|---|---|---|---|
| 12/09/2010 | 5 | ☐ | Letter to Clerk of the District of Nevada *re Rule 5 papers* as to Linda Livolsi (crp, Dpty Clk) (Entered: 12/09/2010) |
| 12/09/2010 | 4 | ☐ | ORDER by Magistrate Judge Frank H McCarthy, setting conditions of release as to Linda Livolsi (crp, Dpty Clk) (Entered: 12/09/2010) |
| 12/09/2010 | 3 | ☐ | BOND approved by Magistrate Judge Frank H McCarthy as to Linda Livolsi (crp, Dpty Clk) (Entered: 12/09/2010) |
| 12/09/2010 | 2 | ☐ | WAIVER of Rule 5 Hearing by Linda Livolsi (crp, Dpty Clk) (Entered: 12/09/2010) |
| 12/09/2010 | 1 | ☐ | MINUTES of Proceedings - held before Magistrate Judge Frank H McCarthy: Initial Appearance in Rule 5 Proceedings held on 12/9/2010, adding attorney Scott Alan Graham,Anthony Lee Allen for Linda Livolsi, setting/resetting bond as to Linda Livolsi (Court Reporter: C1) (crp, Dpty Clk) (Entered: 12/09/2010) |
| 12/09/2010 | | | ARREST on Charges Pending in Another District(Rule 5) by USA as to Linda Livolsi (crp, Dpty Clk) (Entered: 12/09/2010) |

[ View Selected ]

or

[ Download Selected ]

AO 442 (Rev. 01/09) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
District of Nevada

10-MJ-156-FHM

United States of America
v.
LINDA LIVOLSI
*Defendant*

Case No. 2:10-cr-578

## ARREST WARRANT

To: Any authorized law enforcement officer

YOU ARE COMMANDED to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* LINDA LIVOLSI
who is accused of an offense or violation based on the following document filed with the court:

☒ Indictment  ☐ Superseding Indictment  ☐ Information  ☐ Superseding Information  ☐ Complaint
☐ Probation Violation Petition  ☐ Supervised Release Violation Petition  ☐ Violation Notice  ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 1349 - CONSPIRACY TO COMMIT WIRE FRAUD
18 U.S.C. § 1343 - WIRE FRAUD

LANCE S. WILSON
CLERK
*Lance S Wilson*
(By) DEPUTY CLERK

12/1/2010   Las Vegas, NV
DATE

### Return

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____

Date: _____

_____
*Arresting officer's signature*

_____
*Printed name and title*

318E-LV-40423

DANIEL BOGDEN
United States Attorney
MICHAEL CHU
Assistant United States Attorney
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101
(702) 388-6336

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL INDICTMENT |
| Plaintiff, | 2:10-CR- 578 |
| v. | VIOLATIONS: |
| LINDA LIVOLSI, aka Linda Grogg, | 18 U.S.C. § 1349 - Conspiracy to Commit Wire Fraud |
| Defendant. | 18 U.S.C. § 1343 - Wire Fraud |

THE GRAND JURY CHARGES THAT:

At all times relevant to this Indictment:

### COUNT ONE
### Conspiracy to Commit Wire Fraud

1. From a date no later than in or about 2006, to in or about 2010, in the State and Federal District of Nevada and elsewhere,

**LINDA LIVOLSI,
aka Linda Grogg,**

defendant herein, did knowingly and willfully combine, conspire, and agree with others known and unknown to the grand jury to commit the crime of wire fraud, that is, the defendant and others did devise, intend to devise, and participate in a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent

pretenses, representations, and promises, and for the purpose of executing the scheme and artifice did transmit and cause to be transmitted money by means of wire communications in interstate and foreign commerce, in violation of Title 18, United States Code, Section 1343.

### The Objective of the Conspiracy

2. The objective of the conspiracy was to obtain money and property by defrauding victims into believing that the defendant would invest their money in a hedge fund when the defendant fraudulently intended to use the money for her personal benefit.

### Manner and Means of the Conspiracy

3. It was part of the conspiracy that the defendant solicited people to allow her to invest their money in a hedge fund.

4. It was part of the conspiracy that defendant falsely and fraudulently induced people to invest with her by representing that she was an investment advisor to a hedge fund that would invest in publicly traded companies, and that her hedge fund had a track record of outstanding returns, when she then and there well knew that she would not invest their money in a hedge fund.

5. It was a further part of the conspiracy that the defendant provided to victims fraudulent documents that purported to support the existence and track record of her hedge fund when the defendant then and there well knew that she did not intend to invest their money in the hedge fund.

6. It was a further part of the conspiracy that defendant did not invest the investors' money in her hedge fund.

7. It was a further part of the conspiracy that the defendant and her co-conspirators used the money to pay for personal purchases and expenses.

8. It was a further part of the conspiracy that defendant caused "account statements" to be sent to victims to lull them and prevent them from questioning whether

2

their money had, in fact, been invested, where these statements falsely listed the investments purchased by the hedge fund.

9. It was a further part of the conspiracy that when victims tried to withdraw their money from the "hedge fund," the defendant and her co-conspirators acted to delay and deceive to prevent the victims from complaining to law enforcement.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO
## Wire Fraud

10. The allegations set forth in Count One are re-alleged and incorporated as if fully set forth herein.

11. From in or about 2006, to in or about 2010, in the State and Federal District of Nevada and elsewhere,

**LINDA LIVOLSI,**
aka Linda Grogg,

defendant herein, did devise and intend to devise, and participate in a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises.

12. On or about the date set forth below, for the purpose of executing the scheme, defendant did cause to be transmitted by means of wire communication in interstate commerce the following writings, signs, signals, and sounds, with each transmission constituting a separate violation of Title 18, United States Code, Section 1343:

| Count | Date | Wire |
|---|---|---|
| 2 | December 4, 2007 | Wire transfer of $5,015,000.00 from E.B. of Maryland to RGM Enterprises LLC in Nevada, Wachovia Bank account xxxxxxxx3450. |

All in violation of Title 18, United States Code, Section 1343.

3

### FORFEITURE ALLEGATION
### Conspiracy to Commit Wire Fraud and Wire Fraud

1. The allegations of Counts One and Two of this Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Codes, Section 2461(c).

2. Upon a conviction of the felony offenses charged in Counts One and Two of this Indictment,

**LINDA LIVOLSI,**
**aka Linda Grogg.**

defendant herein, shall forfeit to the United States of America, any property which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 1343, a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B), and Title 18, United States Code, Section 1349, a conspiracy to commit such offense, an *in personam* criminal forfeiture money judgment up to $5,015,000.00 in United States Currency.

3. If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant —

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property that cannot be divided without difficulty;

4

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any properties of the defendant up to $5,015,000.00 in United States Currency.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 1343, a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B); Title 18, United States Code, Section 1349; and Title 21, United States Code, Section 853(p).

DATED: this ___/___ day of December 2010.

A TRUE BILL:

/S/
FOREPERSON OF THE GRAND JURY

DANIEL BOGDEN
United States Attorney

MICHAEL CHU
Assistant United States Attorney

5

# CRIMINAL INFORMATION SHEET

Date: 12/9/10     Judge: ☒ MJ McCarthy    Deputy: ☐ Joan Mayes

USPO: Kehoe     ☐ MJ Cleary     ☐ Karen Perkins

Interpreter: No    ; ☐ Sworn    ☐ MJ Wilson    ☒ Camie Portilloz

Case No. 10-MJ-156-FHM    USA v. Linda Livolsi

Defendant's Age: 42   Sex: F   City/State: Cleveland, OK

Date of Arrest: 12/9/10    Arrested By: FBI      ☐ Detention Requested by AUSA

Bail Recommendation: $25,000    ☒ Unsecured

**Additional Conditions of Release:**

6.    ☐ Defendant placed in custody of: _____

7.    ☒ a    ☐ f    ☐ k     ☒ p (1,2,3,4,5,6)
       ☒ b    ☐ g    ☐ l     ☐ q (1,2,3,4,5,6,7,8)
       ☒ c    ☒ h    ☒ m    ☐ r (1,2,3,4,5,6)
       ☐ d    ☒ I    ☐ n     ☐ s
       ☐ e    ☐ j    ☐ o     ☐ t (other) _____

Defendant Requests Federal Public Defender/Ct. Appt. Counsel: ☐ Yes ☒ No

Defendant's Attorney: Scott Graham + Tony Allen    ☐ FPD; ☐ Ct. Appt; ☒ Ret Counsel

AUSA: Ryan Souders

**MINUTES:**

☒ Defendant appears in person for 1A on: ☐ Indictment; ☐ Information; ☐ Complaint; ☐ Petition; ☒ Rule 5
                 with: ☒ Ret Counsel; ☐ FPD; ☐ Ct. Appt; ☐ w/o Counsel

☐ Financial Affidavit received and FPD/CJA appointed; ☐ Present ☐ Not Present

Defendant's name as reflected in the indictment/information/complaint/petition/Rule 5 is the true and correct legal name:
    ☐ Verified in open court
    ☐ Corrected by interlineation to _____
       to reflect Defendant's true and correct name and all previous filings are amended by interlineation to reflect same.
    ☐ Unable to verify in open court: ☐ U.S. Atty. to verify & advise court; ☐ Defendant's Attorney to verify & advise court;

Waivers executed and filed: ☐ of Indictment; ☐ of Preliminary Exam; ☐ of Detention Hearing; ☒ of Rule 5 Hearings

☒ Bond set for $25,000.00 _____; Bond and conditions of release executed

☐ Government's Motion for Detention and Detention Hearing filed in open court

☐ Arraignment held and Defendant pleads Not Guilty; Court accepts plea; ☐ Scheduling dates to be mailed to counsel

☐ Initial Appearance continued to: _____ at _____ a.m./p.m.

☐ Arraignment scheduled: _____ at _____ a.m./p.m.

☐ Detention Hearing scheduled: _____ at _____ a.m./p.m.

☐ Preliminary Exam scheduled: _____ at _____ a.m./p.m.

☐ Defendant remanded to custody of U.S. Marshal: ☐ Pending further proceeding; ☐ Pending release on bond for treatment

Additional Minutes: Out counsel advises court date in Nevada has been changed to 1-12-11 @ 3:00pm.

Criminal Information Sheet                                          CR-24 (9/10)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

United States of America,

        Plaintiff,

vs.                                                               Case No. 10-mj-156-FHM

Linda Livolsi,

        Defendant.

## **APPEARANCE BOND**

        Non-surety:     I, the undersigned Defendant acknowledge that I and my . . .

        Surety:     We, the undersigned, jointly and severally acknowledge that we and our . . .

personal representatives, jointly and severally, are bound to pay to the United States of America the sum of $25,000.00, and there has been deposited in the Registry of the court the sum of $ in cash or .

        The conditions of this bond are that Defendant is to appear before this court, and at such other places as Defendant may be required to appear, in accordance with any and all orders and directions relating to Defendant's appearance in this case, including appearance for violation of a condition of Defendant's release as may be ordered or notified by this Court or any other United States District Court to which Defendant may be held to answer or the cause transferred. Defendant shall abide by any judgment entered in such a matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment.

        It is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which shall continue until such time as the undersigned are exonerated.

        If Defendant appears as ordered or notified and otherwise obeys and performs the foregoing conditions of this bond, this bond is to be void, but if Defendant fails to obey or perform any of these conditions, payment of the amount of this bond shall be due forthwith. Forfeiture of this bond for any breach of its conditions may be declared by any United States District Court having cognizance of the above entitled matter at the time of such breach and, if the bond is forfeited and if the forfeiture is not set aside or remitted, judgment maybe entered upon motion in such United States District Court against each the undersigned jointly and severally for the amount above stated, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and any other laws of the United States.

_(signature)_
Linda Livolsi
Cleveland, OK

Surety's Signature: _____

Surety's Address: _____
_____

Surety's Phone #: _____

_(signature)_
Frank H. McCarthy
United States Magistrate Judge

Appearance Bond                                                        AO-98 Modified (3/06)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

United States of America,

        Plaintiff,

vs.                                                             Case No. 10-mj-156-FHM

Linda Livolsi,

        Defendant.

## ORDER SETTING CONDITIONS OF RELEASE

**IT IS ORDERED** that Defendant's release is subject to the following conditions:

(1)    Defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2)    Defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing of any change in address and telephone number.

(3)    Defendant shall appear at all proceedings as required and shall surrender as directed for service of any sentence imposed. Defendant shall next appear at (if blank, you will be notified):

        Place:    US District Court of Nevada
                      333 Las Vegas Blvd. South, 1st Floor
                      Las Vegas, NV 89101-7065
                      Courtroom 3C

        On:       1-7-11 at 3:00 p.m.

        Before:   Magistrate Judge Lawrence R. Leavitt

(4)    The Defendant must cooperate in the collection of a DNA sample if the collection is authorized by U.S.C. § 14135a.

## RELEASE ON PERSONAL RECOGNIZANCE OR UNSECURED BOND

**IT IS FURTHER ORDERED** that the Defendant be released provided that:

(X)    (4)    Defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

(X)    (5)    Defendant executes a <u>Unsecured</u> bond binding Defendant to pay the United States the sum of <u>Twenty-Five Thousand and No/100-------</u> ($25,000.00) in the event of a failure to appear as required, or to surrender as directed for service of any sentence imposed.

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure Defendant's appearance and the safety of other persons in the community, it is **FURTHER ORDERED** that Defendant's release is subject to the conditions marked below:

( )   (6)   The defendant is placed in the custody of:
Name:
Address:

Phone:

who agrees (a) to supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____
Custodian or Proxy

(X)   (7)   **DEFENDANT WILL:**
(X)   (a)   report as directed by the U.S. Probation Office.
(X)   (b)   abide by the following travel restrictions: Travel is restricted to the Northern District of Oklahoma unless permission to travel outside that district is granted in advance from the U.S. Probation Office.
( ) to include:
(X)   (c)   allow the U.S. Probation Officer to visit the home, place of work, or any place deemed necessary to ensure the conditions of release are not violated.
( )   (d)   successfully participate in a program of testing and treatment (to include inpatient if necessary) for drug and alcohol abuse, as directed by the U.S. Probation Office. If a positive urinalysis occurs while on pretrial release, Defendant shall immediately surrender his/her driver's license to the U.S. Probation Office and Defendant shall not drive until reinstatement is ordered by a judicial officer.
( )   (e)   no alcohol use.
( )   (f)   not use or unlawfully possess a narcotic drug and other controlled substances unless prescribed by a medical practitioner.
( )   (g)   at the discretion of the U.S. Probation Office, successfully participate in a program of medical and/or mental health treatment (to include inpatient if necessary).
(X)   (h)   surrender any passport within (3) three working days and obtain no new passport.
(X)   (i)   not possess a firearm, destructive device, or other dangerous weapon.
( )   (j)   successfully participate in the Home Confinement Program to include electronic monitoring. The entire cost of the program will be paid by the Defendant/U.S. Probation Office. Defendant may be removed from electronic monitoring, and be required to successfully participate in an inpatient substance abuse treatment program, at the discretion of the U.S. Probation Office. Upon completion, Defendant will be placed back on the Home Confinement Program.

( )   (k)   avoid contact with the following named persons:
_____
( )   (l)   maintain or actively seek employment.
(X)   (m)   advise any possible third parties who may be at risk because of your past criminal conviction(s) and/or the charged offense.
( )   (n)   abide by the current conditions of supervision.

| | | |
|---|---|---|
| ( ) | (o) | execute a bond or an agreement to forfeit, upon failing to appear as required, the following sum of money or designated property: _____ |
| (X) | (p) | **FINANCIAL CONDITIONS:** |
| ( ) | (1) | disclose any and all financial information and business records, to include execution of a Release of Financial Information form, as requested by the U.S. Probation Officer. |
| ( ) | (2) | not work directly or indirectly in any business, profession, or self-employment engaged in the offer, sale, purchase, trade, brokering, solicitation, or similar transaction of any real property, security or negotiable instrument, or the acquisition of any loan or appropriation or liquidation of any asset for another person or business. |
| ( ) | (3) | Not engage in telemarketing activities, to include any telephone sales or a solicitation-related business, campaign, venture, or transaction. |
| ( ) | (4) | not make application for any loan or enter into any new credit arrangement, without first consulting the U.S. Probation Office. |
| (X) | (5) | not transfer, sell, give away, or otherwise convey any asset, without first consulting the U.S. Probation Office. |
| ( ) | (6) | not engage in any form of employment which would allow access to financial information, to include the following: personal identifiers, credit accounts, bank accounts of any individual, business, or other entity. |
| ( ) | (q) | **SPECIAL SEX OFFENDER CONDITIONS:** |
| ( ) | (1) | register as a sex offender in accordance with state law in the county of residence and provide verification to the U.S. Probation Office. |
| ( ) | (2) | participate in sex offender and/or mental health treatment as directed by the U.S. Probation Office, including submission to risk assessment and psychological testing. Assessment and treatment are to be conducted by a therapist approved in advance by the U.S. Probation Office. |
| ( ) | (3) | have no contact with children under the age of eighteen (18) without prior written permission of the U.S. Probation Office. Any unauthorized contact will be reported to the U.S. Probation office immediately. |
| ( ) | (4) | not engage in any occupation, business, or profession where you have access to children under the age of eighteen (18), unless written approval is received in advance by the U.S. Probation Office. |
| ( ) | (5) | not loiter within one-hundred (100) feet of schools, parks, playgrounds, arcades, or other places frequented by children under the age of eighteen (18). |
| ( ) | (6) | not possess sexually stimulating or sexually oriented material as deemed inappropriate by the U.S. Probation Office, or patronize any place where such material and entertainment is available. |
| ( ) | (7) | not enter the premises or loiter near where the victim resides, is employed, or frequents, except under circumstances approved in advance by the U.S. Probation Office. |
| ( ) | (8) | not subscribe to or use any Internet services. Any existing Internet services shall be terminated immediately and documentation provided within two weeks. Phone bills and service agreements shall be provided upon request of the U.S. Probation Office. |
| ( ) | (r) | **SPECIAL COMPUTER RESTRICTION AND MONITORING CONDITIONS:** |
| ( ) | (1) | The defendant shall disclose all e-mail accounts, Internet connections and Internet connection devices, including screen names and passwords, to the U.S. Probation Officer. The defendant shall immediately advise the U.S. Probation Officer of any changes in his or her e-mail accounts connections, devises, or password. |
| ( ) | (2) | If instructed by the U.S. Probation Officer, the defendant shall refrain from using e-mail, an internet connection, or an Internet connection device. The U.S. Probation |

|  |  |  |
|---|---|---|
|  |  | Officer shall have authority to monitor all computer activity, to include all e-mail or Internet connections, to include but not limited to installation of remote computer monitoring software. Unless waived by the U.S. Probation Officer, the cost of the remote computer monitoring software shall be paid by the defendant. |
| ( ) | (3) | The defendant shall not access any on-line service using an alias, or access any on-line service using the Internet account, name, or designation of another person or entity. The defendant will report immediately to the U.S. Probation Officer access to any Internet site containing prohibited material. |
| ( ) | (4) | The defendant is prohibited from altering or using any form of encryption, cryptography, stenography, compression, password-protected files or other methods that limit access to, or change the appearance of data and/or images. |
| ( ) | (5) | The defendant is prohibited from altering or destroying records of computer use, including the use of computer software or functions designed to alter, clean or "wipe" computer media, block computer monitoring software, or restore a computer to a previous state. |
| ( ) | (6) | If instructed, the defendant shall provide all personal and business telephone phone records and all credit card statements to the U.S. Probation Officer. |
| ( ) | (s) | You are prohibited from engaging, directly or indirectly, in any form of gambling or game of chance. You shall not loiter about or enter any dwelling or enterprise whose principal business purpose is gambling or the offering of games of chance. You shall, at the discretion of the U.S. Probation Officer, successfully participate in a program of mental health treatment, to include but not limited to a program for the treatment of gambling addiction. |
| ( ) | (t) | **OTHER:** |

## ADVISE OF PENALTIES AND SANCTIONS

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for Defendant's arrest, a revocation of release, an order of detention as provided in 18 U.S.C. § 3148, and a prosecution for contempt as provided in 18 U.S.C. § 401 which could result in a possible term of imprisonment or a fine. The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not less than two years nor more than ten years, if the offense is a felony; or a term of imprisonment of not less than ninety days nor more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

18 U.S.C. § 1503 makes it a criminal offense, punishable by up to five years of imprisonment and a $250,000 fine, to intimidate or attempt to intimidate a witness, juror or officer of the court. 18 U.S.C. § 1510 makes it a criminal offense, punishable by up to five years of imprisonment and a $250,000 fine, to obstruct a criminal investigation. 18 U.S.C. §1512 makes it a criminal offense, punishable by up to ten years of imprisonment and a $250,000 fine, to tamper with a witness, victim or informant. 18 U.S.C. § 1513 makes it a criminal offense, punishable by up to ten years of imprisonment and a $250,000 fine, to retaliate against a witness, victim or informant, or threaten or attempt to do so. It is a criminal offense under 18 U.S.C. § 3146, if after having been released, Defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If Defendant is released in connection with a charge of, or while awaiting sentencing, surrender for the service of a sentence, or appeal or *certiorari* after conviction, for:
  (1)  an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, Defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;
  (2)  an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, Defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, Defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, Defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

## ACKNOWLEDGMENT OF DEFENDANT

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

*[signature]*
Linda Livolsi
Cleveland, OK

## DIRECTIONS TO UNITED STATES MARSHAL

(X) Defendant is **ORDERED** released after processing.
( ) The United States Marshal is **ORDERED** to keep Defendant in custody until notified by the clerk or a judicial officer that Defendant has posted bond and/or complied with all other conditions for release. Defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: December 9, 2010

*[signature]*
Frank H. McCarthy
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
for the

Northern District of District

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. 10-mj-156-FHM |
| ) | |
| Linda Livolsi ) | Charging District's Case No. 2:10-cr-578 |
| *Defendant* ) | |

## WAIVER OF RULE 5 & 5.1 HEARINGS
(Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* Nevada

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing within 10 days of my first appearance if I am in custody and 20 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5) a hearing on any motion by the government for detention;

(6) request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☒ an identity hearing and production of the warrant.

☐ a preliminary hearing.

☐ a detention hearing.

☐ an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 12/9/10

*Defendant's signature*

*Signature of defendant's attorney*

Scott Graham
*Printed name of defendant's attorney*