Matthew T. Dushoff, Esq.
Nevada Bar No. 004975
Michael D. Davidson, Esq.
Nevada Bar No. 000878
**KOLESAR & LEATHAM**
400 S. Rampart Blvd., Suite 400
Las Vegas, Nevada 89145
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-Mail: mdavidson@klnevada.com
mdushoff@klnevada.com

*Attorneys for Defendant Linda Livolsi*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>vs.<br><br>LINDA LIVOLSI, aka Linda Grogg,<br><br>　　　　　Defendant. | 2: 10-cr-0578-PMP-RJJ |

### MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT

Matthew T. Dushoff, Esq., of the law firm of Kolesar & Leatham hereby submits this Motion to Withdraw as Counsel of Record for Defendant LINDA LIVOLSI ("Livolsi"). This Motion is based upon the following Memorandum of Points and Authorities, the written Affidavit of Matthew T. Dushoff, Esq., the papers and pleadings on file herein and any oral argument as may be entertained by the Court.

DATED this 19 day of December, 2011.

KOLESAR & LEATHAM, CHTD.

By: /s/ Matthew T. Dushoff
Matthew T. Dushoff, Esq.
Nevada Bar No. 004975
400 S. Rampart Blvd., Suite 400
Las Vegas, Nevada 89145

*Attorneys for Defendant Linda Livolsi*

### AFFIDAVIT OF MATTHEW T. DUSHOFF, ESQ. IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT

STATE OF NEVADA      )
                     ) ss.
COUNTY OF CLARK      )

Matthew T. Dushoff, Esq., being duly sworn, on oath deposes and says as follows:

1.      I am the attorney for the Defendant in this matter and am competent to testify regarding the facts set forth in this Affidavit.

2.      Pursuant to an agreement of the parties, the law firm of Kolesar & Leatham began representation of Defendant on or about May, 20, 2010, in a related civil action in Clark County District Court, Case No. A615279, Dept. XXV, *Bartlett v. Livolsi*, and subsequently began representation of Defendant in the instant case on or about December 1, 2010.

3.      Currently, Clark County District Court Case No. A615279 is stayed pending resolution of the instant matter.

4.      Defendant agreed to compensate Kolesar & Leatham for a fixed rate for work performed by Kolesar & Leatham. Defendant has failed to abide by the fee agreement despite numerous correspondence regarding the need to pay the past due fees and costs and provide an additional retainer.  However, to date, no additional attorney's fees have been paid.

5.      Livolsi's last payment for legal fees to Kolesar & Leatham was made on February 14, 2011 on Case No. A615279, and November 16, 2011 in the instant case. As of December 16, 2011, Defendant owes a total of $5,667.66 in unpaid attorneys' fees and costs. ($3,596.52 incurred in Case No. A615279, and $2,071.14 incurred in this matter.)

6.      In connection with the work handled by the firm of Kolesar & Leatham, the work is billed on an hourly basis, in 1/10 of an hour increments, on the basis of each attorney's and paralegal's time sheets.  Those daily time sheets are required to be made at or about the time of the work performed and to accurately reflect the amount of time spent on a particular activity. The individual time is then entered into the Omega billing program, sorted by client and matter number, and billed to the client on a monthly basis. The draft of the bill is then reviewed by the

1. attorney-in-charge of the case prior to being sent to the client. In my experience, this procedure has proven to be trustworthy and to render accurate bills.

7. If called upon as a witness in this proceeding, I could and would competently testify that the foregoing procedure was, in fact, followed in this case and that I reviewed the monthly bills prior to them being sent to the clients. An A/R Ledger printed off of the Omega system is attached hereto as **Exhibit 1**. A copy of the bills will be submitted to the Court for in camera inspection upon request.

8. The rates charged by the attorneys on this file are as follows: Matthew T. Dushoff, Esq. ($425.00/hour); and Michael D. Davidson, Esq. (450.00/hour). These rates are reasonable and customary in the Las Vegas area.

9. This case involves defense of criminal matters in the United States District Court.

10. At no time did the Defendant question the legitimacy of any charges remaining on the legal bills or the skill with which the legal services were rendered. Defendant has failed to pay the legal fees owed to Kolesar & Leatham.

11. Continued representation without being paid would work a financial hardship on your affiant's law firm.

12. Defendant's address is as follows: Linda Livolsi, Post Office Box 623, Cleveland, OK 74020.

13. A copy of this Motion has been forwarded to Defendant by certified mail.

_____
Matthew T. Dushoff, Esq.

Subscribed and sworn to before me this 19 day of December, 2011.

_____
Notary Public, in and for
County & State

JACQUELIN IERIEN
Notary Public State of Nevada
No. 99-24817-1
My appt. exp. Dec. 19, 2014

# MEMORANDUM OF POINTS AND AUTHORITIES

I. **LEGAL ARGUMENT**

    A.    Withdrawal by Counsel Kolesar & Leatham is permitted pursuant to Local Rule IA 10-6 upon request by Counsel.

United States District Court, District of Nevada Local Rule IA 10-6 provides in pertinent part the following:

    (b)    No attorney may withdraw after appearing in a case except by leave of court after notice served on the affected client and opposing counsel.

    (e)    Except for good cause shown, no withdrawal or substitution shall be approved if delay of discovery, the trial or any hearing in the case would result. Where delay would result, the papers seeking leave of court for the withdrawal or substitution must request specific relief from the scheduled trial or hearing. If a trial setting has been made, an additional copy of the moving papers shall be provided to the clerk for immediate delivery to the assigned district judge, bankruptcy judge or magistrate judge.

U.S.Dist.Ct.Rules D.Nev., LR IA 10-6. The Nevada Rules of Professional Conduct, Rule 1.16 further provides the following:

    (b)    Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:

        (1)    Withdrawal can be accomplished without material adverse effect on the interests of the client;

        (2)    The client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

        (3)    The client has used the lawyer's services to perpetrate a crime or fraud;

        (4)    A client insists upon taking action that the lawyer considers repugnant or with which the lawyer has fundamental disagreement;

        (5)    The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

        (6)    The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

        (7)    Other good cause for withdrawal exists.

Nev. Rules of Prof. Conduct, Rule 1.16. Nevada Courts also recognize that "[w]hile a party may discharge his attorney with or without cause . . . with few limitations, the attorney should not withdraw from a case except for good cause." *Matter of Kaufman*, 93 Nev. 452, 456, 567 P.2d 957, 959 - 960 (1977). Once formal litigation has begun, an attorney must request the court for permission and show sufficient cause before he or she can leave the client. *Wait v. Second Judicial Dist. Court*, 81 Nev. 612, 618, 407 P.2d 912, 915 (1965); *Lovvorn v. Johnston*, 118 F.2d 704, 706 (C.A.9 1941)(stating that attorney cannot withdraw from the case without consent of the court).

Other jurisdictions have also held that "a client's continued refusal to pay legal fees constitutes a 'satisfactory reason' for withdrawal." *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.* 464 F.Supp.2d 164, 166 (E.D.N.Y., 2006); *Lincoln Ave. Indus. Park v. Norley*, 450 Pa.Super. 621, 624, 677 A.2d 1219, 1220 (Pa.Super.,1996)(noting that failure to make payment for legal fees is sufficient reason to grant withdrawal of attorney). Moreover, if a client is not prejudiced or burdened by an attorney's withdrawal, and ample notice is given, then a request for withdrawal by an attorney is justified. *See e.g. Brown & Bain, P.A. v. O'Quinn*, 518 F.3d 1037, 1042 (C.A.9 (Ariz.),2008). To that end, Corpus Juris Secundum, Attorney & Client § 268 states, "the withdrawal of an attorney from a case may be permitted only when the rights of others, or the administration of justice, would not be affected by such withdrawal, consideration being given to whether the client would be prejudiced by such action, and only after proper notice to the client, and on leave of court. CJS Attorney & Client § 268.

B.  **There is good cause for Kolesar & Leatham to withdraw as counsel for Defendant Linda Livolsi.**

**Financial Reasons**:

As demonstrated above, there is good cause of this Court to allow Kolesar & Leatham to withdraw as counsel for Defendant Linda Livolsi due to the fact that Defendant has failed to comply with its obligation to pay for legal services. Failure to pay legal fees is an accepted justification for withdrawal of an attorney and Nevada Rules of Professional Conduct, Rule 1.16 specifically allows withdrawal when a client fails substantially to fulfill an obligation to the

Case 2:10-cr-00578-APG-GWF   Document 45   Filed 12/19/11   Page 6 of 9

lawyer regarding the lawyer's services and when the representation will result in an unreasonable financial burden. Furthermore, Kolesar & Leatham's withdrawal as counsel will not result in any prejudice to Defendant. Therefore, Kolesar & Leatham respectfully requests that this Court find there is good cause for it to withdraw as counsel of record for Defendant.

## II. CONCLUSION

Based on the foregoing, Kolesar & Leatham moves that the Court enter an Order permitting it to withdraw as counsel to Defendant Linda Livolsi and that its duty to the client in this case be discharged. If withdrawal is granted and no substitute counsel has appeared, any further documents, notice, or communication related to this matter should be provided to Linda Livolsi, Post Office Box 623, Cleveland, OK 74020.

DATED this 19 day of December, 2011.

KOLESAR & LEATHAM, CHTD.

By: _____
Matthew T. Dushoff, Esq.
Nevada Bar No. 004975
400 S. Rampart Blvd., Suite 400
Las Vegas, Nevada 89145

*Attorneys for Defendant Linda Livolsi*

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Kolesar & Leatham and that on the 19th December, 2011, I caused to be served a true and correct copy of the foregoing **MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT** pursuant to Local Rule 7-1.1 via USDC ECF MAIL, which was electronically e-filed and a copy of it was automatically emailed to all person(s) connected with the matter on the date above-written:

MICHAEL CHU, ESQ.
ASSISTANT U.S. ATTORNEY
333 Las Vegas Blvd., South
Suite 5000
Las Vegas, Nevada 89101

*Attorneys for Plaintiff*

*Via Certified Mail*

Linda Livolsi
Post Office Box 623
OK 74020

_____
An Employee of Kolesar & Leatham, Chtd.

1078402.doc(6926-3)                Page 6 of 6

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by (*Printed Name*) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Linda Livolsi<br>P.O. Box 623<br>Cleveland, OK 74020 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below:  ☐ No | |
| | 3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered       ☐ Return Receipt for Merchandise<br>☐ Insured Mail     ☐ C.O.D. | |
| | 4. Restricted Delivery? (*Extra Fee*) | ☐ Yes |
| 2. Article Number<br>   (*Transfer from service label*) | 7009 0080 0000 7259 8661 | |

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**EXHIBIT 1**

**EXHIBIT 1**

