DANIEL BOGDEN
United States Attorney
MICHAEL CHU
Assistant United States Attorney
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada  89101
(702) 388-6336

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br>         Plaintiff,<br><br>v.<br><br>Linda Livolsi,<br>         Defendant. | Case No. 2:10-cr-578-PMP-RJJ<br><br>**The United States' Motion to Order Defendant to Submit to an Independent Medical Examination** |

The United States, by and through the undersigned attorneys, asks the Court to order defendant to submit to an evaluation by an independent medical examiner to examine defendant because her motion to transfer venue (Dkt #64) has put her health squarely at issue.

**Points and Authorities**

Defendant is charged with conspiracy to commit wire fraud and wire fraud for, essentially, operating a Ponzi scheme by convincing her victims to invest in her non-existent hedge fund.

**A. By citing her leukemia, thyroid cancer and lupus in support of her motion for continuance and of her motion to transfer venue, defendant has put her health squarely at issue**

On July 24, 2012, defendant was set for trial.  Calendar call was set for July 18, 2012.

On July 9, 2012, defendant's counsel E-mailed a six sentence doctor's note, seeking to excuse defendant from trial (Dkt #58, Exh. A). On July 12, 2012, when defendant had not yet filed a motion for continuance, the United States filed a motion for status check to determine if defendant would, in fact, be excused from trial. (Dkt #58).  The Court set a status conference for July 26, 2012.

1

On July 25, 2012 – the day before the status conference – the defendant filed her motion to transfer venue away from Nevada in favor of Oklahoma (Dkt #64), claiming that her medical conditions of leukemia, lupus, thyroid cancer prevented her from attending trial.

**B. Defendant's doctor admitted he had no basis for diagnosing defendant with leukemia, thyroid cancer and lupus other than defendant's own self-reporting**

On July 26, 2012, the Court held a status conference, and took the testimony of Dr. Jeffrey DeLo, the doctor who wrote the doctor's note. (Dkt #66). This doctor – presumably, selected by defendant because he was the doctor best positioned to know about her conditions – stated that he did not diagnose defendant with leukemia, lupus, or thyroid cancer. In fact, he stated that he had no basis for concluding she had these conditions other than defendant's own statements. He also noted that although he is an oncologist, he has been coordinating her primary care because defendant "seems to have trouble keeping primary physicians."

The United States respectfully submits that this is enough to cast doubt on defendant's purported health conditions – and because she has not come forward with any evidence of her alleged conditions, this is sufficient to deny her motion.

**C. The Court should appoint an independent medical examiner before the October 9, 2012 hearing on defendant's motion to transfer venue**

That said, if the Court is considering transfer of this case – or any future motion to continue by defendant – because of defendant's purported health issues, the United States asks the Court to appoint an independent medical examiner before the October 9, 2012 hearing on defendant's motion to transfer venue. As the Court noted at the July 26, 2012 hearing (Dkt #66), this appears to be the best way to resolve the question that defendant has now put squarely in issue: her health.

//

//

The United States has obtained the name of a oncologist in Tulsa, Oklahoma: Dr. Joseph P. Lynch of Oklahoma Oncology, and proposes as follows.

1. Defendant be ordered to see Dr. Joseph P. Lynch for an initial evaluation within two weeks of the Court's Order.

2. Defendant be ordered to submit to any tests that Dr. Lynch deems necessary.

3. The United States will provide any health records that defendant's counsel obtained from her health providers. These include the records filed as Dkt # 43, 44, 47.

4. The Court should order that defendant provide releases for any medical records that Dr. Lynch deems necessary.

5. Dr. Lynch provide a written report that summarizes his findings.

By appointing an independent medical examiner now, defendant's condition can be evaluated in time for the October 9, 2012 hearing on her motion to transfer venue, so the Court can make a fully informed decision.

## **Conclusion**

For all of these reasons, the United States asks that an independent medical examiner be appointed.

Dated: August 27, 2012.

Respectfully submitted,

DANIEL BOGDEN
United States Attorney

/s/
_____

Michael Chu
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br>        Plaintiff,<br><br>v.<br><br>Linda Livolsi,<br>        Defendant. | Case No. 2:10-cr-578-PMP-RJJ<br><br>**Proposed Order Granting<br>the United States' Motion to Order<br>Defendant to Submit to an<br>Independent Medical Examination** |

   Based on the United States' Motion for appointment of independent medical examiner, as well as defendant's Motion to Transfer Venue (Dkt #64), and good cause appearing

   **IT IS HEREBY ORDERED** that:

   1. Defendant shall see Dr. Joseph P. Lynch, oncologist of Tulsa, Oklahoma, for an initial evaluation within two weeks of the Court's Order.

   2. Defendant shall submit to any tests that Dr. Lynch deems necessary.

   3. The United States shall provide to Dr. Lynch any health records that defendant's counsel obtained from her health providers.  These include the records filed as Dkt # 43, 44, 47.

   4. Defendant shall provide releases for any medical records that Dr. Lynch deems necessary.

   5. Dr. Lynch shall provide a written report that summarizes his findings.

   Subscribed and sworn to before me this ___ day of _____, 2012.


                                          _____
                                          United States District Court Judge

4