1  DANIEL G. BOGDEN
   United States Attorney
2  J. Gregory Damm
   Assistant United States Attorney
3  333 Las Vegas Boulevard South
   Suite 5000
4  Las Vegas, Nevada 89101
   (702) 388-6336
5

6

7                        **UNITED STATES DISTRICT COURT**

                              **DISTRICT OF NEVADA**
8

UNITED STATES OF AMERICA,                )
9                                        )   Case No.: 2:10-CR-00578-PMP-GWF
                 Plaintiff,              )
10                                       )
          v.                             )   **GOVERNMENT'S RESPONSE TO**
11                                       )   **DEFENDANT LINDA LIVOLSI'S**
                                         )   **MOTION TO DISMISS COUNTS THREE**
   LINDA LIVOLSI, aka LINDA G.           )   **THROUGH EIGHT OF THE**
12 FINDLEY, aka LINDA GROGG and          )   **SUPERSEDING INDICTMENT FOR**
   WILLIAM LIVOLSI, JR.,                 )   **VIOLATION OF 26 U.S.C. §6531 (Doc.**
13                                       )   **#153)**
                                         )
14               Defendants.             )
                                         )
15                                       )

16       Certification:      Pursuant to LCR 12-1, undersigned counsel hereby certifies that this

17 response is filed in a timely manner.  Defendant Linda Livolsi's "Motion to Dismiss Counts Three

18 Thru Eight of the Superseding Indictment for Violation of 26 U.S.C. §6531" (CR #153) (hereinafter

19 "Defendant's Motion") was filed and served on July 25, 2014.  Pursuant to the Docket Entry, the

20 Government's response is due on or before August 11, 2014. *See* Docket #153.

21                                        **ARGUMENT**

22       COMES NOW the United States of America, by and through DANIEL G. BOGDEN, United

23 States Attorney, and J. GREGORY DAMM, Assistant United States Attorney, and responds in

24 opposition to the motion filed on July 25, 2014, by Linda Livolsi (hereinafter, "the Defendant"),

25 seeking to dismiss counts 3 through 8 of the superseding indictment for alleged failure to bring those

26 counts within the time period set forth in 26 U.S.C. §6531  (CR #151).  The Defendant is charged by

27 way of a Superseding Criminal Indictment (CR # 110).  For the reasons enumerated herein, the

28 Defendant's motion should be denied.

                                             1

The Defendant's Motion claims that the government has failed to bring Counts 3 through 8 within the six-year statute of limitations established by 26 U.S.C. §6531. The Defendant does not dispute that the six-year statute of limitations is the proper period of time for the analysis. The Defendant's Motion does not identify what date the Defendant believes the six-year statute of limitations began to run. However, when the correct date is identified, each of counts 3 through 8 has been brought within the six-year period of time.

**I.     The six-year statute of limitations for Counts 3 through 6 began to run on January 19, 2008 and would have expired on January 19, 2014, twelve (12) days after the Superseding Indictment was filed.**

The correct statute of limitations period for Counts 3 through 6 is six years. 26 U.S.C. §6531(5). The six-year statute of limitations for tax evasion by filing a false or fraudulent return begins to run when the act is committed, which is at the time the returns are filed. *United States v. Habig*, 390 U.S. 222, 222 (1968). The Defendant's Motion incorrectly states that the government alleges that the Defendant filed her 2003, 2004, 2005, and 2006 tax returns in 2007. The Superseding Indictment alleges that the Defendant "did willfully make and subscribe a U.S. Individual Income Tax Return, Form 1040" for each of those years on or about December 30, 2007. Superseding Indictment (CR #110), at 5-7. The tax returns were not filed until January 19, 2008, when they were received by the Internal Revenue Service at Austin, Texas. *See* Bates Nos. 015421, 002834, 002878, and 002903.

Therefore, the six-year statute of limitations period began to run on January 19, 2008. The six-year period would have expired on January 19, 2014. The Superseding Indictment was filed on January 7, 2014. Therefore, Counts 3 through 6 are timely brought.

**II.    The six-year statute of limitations for Count 7 began to run on October 15, 2008 and would have expired on October 15, 2014, ten (10) months and eight (8) days after the Superseding Indictment was filed.**

The correct statute of limitations period for Count 7 is six years. 26 U.S.C. §6531(4). "The statute of limitations . . . begins to run from the occurrence of the last act necessary to complete the offense, normally, a tax deficiency." *United States v. Carlson*, 254 F.3d 466, 470 (9th Cir. 2000).

"A taxpayer normally incurs a deficiency on April 15 of a given year, when tax returns are due." *Id.* In this case, the final act occurred on October 15, 2008, when the Defendant failed to file a tax return after filing for an extension from the ordinary date of April 15.

Therefore, the six-year statute of limitations period began to run on October 15, 2008.  The six-year period would have expired on October 15, 2014.  The Superseding Indictment was filed on January 7, 2014.  Therefore, Count 7 is timely brought.

**II.      The six-year statute of limitations for Count 8 began to run on April 15, 2009 and would have expired on April 15, 2015, one (1) year, four (4) months, and eight (8) days after the Superseding Indictment was filed.**

The correct statute of limitations period for Count 8 is six years.  26 U.S.C. §6531(4).  "The statute of limitations . . . begins to run from the occurrence of the last act necessary to complete the offense, normally, a tax deficiency."  *United States v. Carlson*, 254 F.3d 466, 470 (9th Cir. 2000). "A taxpayer normally incurs a deficiency on April 15 of a given year, when tax returns are due." *Id.* The final act occurred on April 15, 2009, when the Defendant failed to file a tax return.

Therefore, the six-year statute of limitations period began to run on April 15, 2009.  The six-year period would have expired on April 15, 2015.  The Superseding Indictment was filed on January 7, 2014.  Therefore, Count 8 is timely brought.

Finally, the Government submits that it will be able to prove its version of facts as alleged (and that are in dispute) at an evidentiary hearing, should this Court so order.  Consequently, the Government respectfully requests this Court deny the Defendant's Motion CR #153.

Respectfully submitted this, the 29 day of July, 2014.

DANIEL G. BOGDEN
United States Attorney

/s/ J. Gregory Damm

J. GREGORY DAMM
Assistant United States Attorney

3

1

**CERTIFICATE OF ELECTRONIC SERVICE**

2

     I, Pam Mrenak, hereby certify that I am an employee of the United States Department of

3

Justice, and that on this day I served a copy of the following: GOVERNMENT'S RESPONSE TO

4

DEFENDANT LINDA LIVOLSI'S MOTION TO DISMISS COUNTS THREE THRU EIGHT OF

5

THE SUPERSEDING INDICTMENT FOR VIOLATION OF 26 U.S.C. §6531 (CR # 153) upon

6

counsel for all defendants appearing in this matter via the CM/ECF system, by electronically filing

7

said document.

8

9

Dated:        July 29, 2014

10

                         /s/

11

                         _____

12

                         Pam Mrenak
                         Legal Assistant to J. Gregory Damm

13

                         Assistant United States Attorney
                         District of Nevada

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4