DANIEL G. BOGDEN
United States Attorney
Nevada Bar No. 2137
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada State Bar No. 1925
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
E-mail: Daniel.Hollingsworth@usdoj.gov
Counsel for the United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 2:10-CR-578-APG-(GWF) |
| LINDA LIVOLSI, aka<br>LINDA G. FINDLEY, aka<br>LINDA GROGG, and<br>WILLIAM LIVOLSI, JR., | ) |
| Defendants. | ) |

**UNITED STATES OF AMERICA'S**
**MOTION FOR AN INTERLOCUTORY ORDER OF SALE OF**
**804 NORTH BROADWAY, CLEVELAND, OKLAHOMA 74020, AND ORDER**

The United States respectfully moves this Court for an Order for an Interlocutory Sale of the real property located at 804 North Broadway, Cleveland, Oklahoma, 74020 ("property"). The real property is more particularly described as follows:

Real property located at 804 North Broadway, Cleveland, Oklahoma, 74020, APN/Parcel # 2020-00-005-013-0-001-00, consisting of six lots, a restaurant known as The Broadway Grill, held in the name of William J. Livolsi, Jr., as Trustee of the William J. Livolsi, Jr. Living

Trust Dated December 23, 2002, and any appurtenances or improvements thereon, legally described as follows:

Lands and property, together with all improvements located thereon, lying in the County of Pawnee, State of Oklahoma, to-wit: Lots Thirteen (13), Fourteen (14), Fifteen (15), Sixteen (16), Seventeen (17), and Eighteen (18) of Block Five (5) in Broadway Addition to the City of Cleveland, Pawnee County, State of Oklahoma according to the recorded plat thereof.

Through the Interlocutory Order of Sale, the United States requests this Court to authorize the United States Marshals Service to sell the property through one of its approved methods.

The ground for issuing the Order for an Interlocutory Sale is this Court is authorized to approve interlocutory sales. This Motion is made and is based on the papers and pleadings on file herein and the attached Memorandum of Points and Authorities.

DATED this 24th day of September, 2015.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

*/s/DanielD.Hollingsworth*
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. STATEMENT OF THE CASE**

    **A. Procedural History**

The Grand Jury returned a Superseding Criminal Indictment ("Indictment") (ECF No. 110), charging Linda Livolsi, aka Linda G. Findley, aka Linda Grogg ("Linda"), and her husband, William Livolsi, Jr. ("William"), with counts of Wire Fraud in violation of 18 U.S.C. § 1343; Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. §§ 1343 and 1349; and charging Linda with multiple counts of 26 U.S.C. § 7206(1), False and Fraudulent Tax Returns; and 26 U.S.C. § 7203, Failure to File Tax Returns. The Indictment included a Forfeiture Allegation of 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p). (ECF No. 110).

Linda pled guilty to one count of Wire Fraud in violation of 18 U.S.C. § 1343 and one count of False and Fraudulent Tax Returns in violation of 26 U.S.C. § 7206(1) (ECF Nos. 110, 182). William pled guilty to one count of Wire Fraud in violation of 18 U.S.C. § 1343 (ECF Nos. 110, 185). Both agreed to the criminal forfeiture money judgment of $5,015,000 set forth in the Forfeiture Allegation of the Superseding Indictment (ECF Nos. 110, 182, 185). The district court issued Orders of Forfeiture, requiring Linda and William to pay an in personam criminal forfeiture money judgment of $5,015,000 (ECF Nos. 183, 186).

The district court sentenced Linda to 45 months in prison and William to 24 months in prison, both followed by supervised release for a three year period (ECF Nos. 204, 206). As part of the sentence, the district court ordered Linda and William to pay the criminal forfeiture money judgment of $5,015,000 and attached it to the Judgments In A Criminal Case (ECF Nos. 204, 206).

**B. Statement of Facts**

The Livolsi's owe a criminal forfeiture money judgment of $5,015,000.  The United States filed a Sealed Ex Parte Motion to Substitute and to Forfeit Property of Linda Livolsi and William Livolsi, Jr., (ECF No. 208), specifically parcels of real property located at 53515 S. 36700 Road, Cleveland, Oklahoma, 74020 and real property located at 804 North Broadway, Cleveland, Oklahoma, 74020.  This Court entered the Amended Substitution and Forfeiture Order (ECF No. 212) and the USMS took the substitute properties into custody (ECF No. 220).

The United States discovered the real property located at 53515 S. 36700 Road, Cleveland, Oklahoma, 74020 was sold in a mortgage foreclosure sale on August 17, 2015.  The United States filed Notice (ECF No. 221) that its interests and rights expired in that piece of real property since it is no longer in its custody.

The United States now requests this Court to authorize the USMS to sell the real property located at 804 North Broadway, Cleveland, Oklahoma, 74020 through one of its approved methods.  The purpose of the interlocutory sale is to liquidate the property to allow for easier management of the assets to be used towards the Livolsi's criminal forfeiture money judgment, to reduce the cost of maintaining the property, and to avoid damage to the property.

## II. ARGUMENT

This Court has authority to issue the Interlocutory Order of Sale. Fed. R. Crim. P. 32.2(b)(7) and Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") G(7) authorize Interlocutory Sales. "At any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable." Fed. R. Crim. P. 32.2(b)(7). The United States may move this Court to order the above-mentioned property "sold if:"

> (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or is disproportionate to its fair market value; (C) the property is subject to a mortgage or to taxes on which the owner is in default; or (D) the court finds other good cause.

Supplemental Rules G(7)(b)(i)(A)-(D). These four reasons for the interlocutory sale apply in this case regarding the real property located at 804 North Broadway, Cleveland, Oklahoma, 74020. The United States may sell the real property if this Court so orders. Supplemental Rules G(7)(b)(ii) ("A sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person the court designates."). The USMS will sell the real property through one of its approved methods. Supplemental Rules G(7)(b)(iii) ("The sale is governed by 28 U.S.C. §§ 2001, 2002, and 2004, unless all parties, with the court's approval, agree to the sale, aspects of the sale, or different procedures.").

"Following entry of [a preliminary order of forfeiture], the court may, upon application of the United States, ... take any other action to protect the interest of the United States in the property ordered forfeited …", including an interlocutory order of sale. 21 U.S.C. § 853(g). The sale proceeds of the real property will be the "substitute res subject to forfeiture in place of the property that was sold." Supplemental Rules G(7)(b)(iv). "The proceeds must be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action." *Id.*

## III. CONCLUSION

The United States respectfully requests that this Court order the interlocutory sale of the real property located at 804 North Broadway, Cleveland, Oklahoma, 74020 under the following four reasons (1)

4

the property is perishable and is at risk of deterioration, decay, and injury; (2) the expense of keeping the property is disproportionate to its fair market value; (3) the property is subject to a mortgage or to taxes on which the owner is in default; and (4) the court finds other good cause.  Selling the real property through this interlocutory sale will protect the real property, preserve its value, and liquidate the property to allow for easier management of the asset to be used towards the Livolsi's criminal forfeiture money judgment.  By authorizing the interlocutory sale as discussed above, this Court will protect the real property, preserve its value, and expedite the sale of the real property through the USMS.

Dated this 24th day of September, 2015.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

*/s/DanielD.Hollingsworth*
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

IT IS SO ORDERED:

UNITED STATES DISTRICT JUDGE

DATED: _____

5

**PROOF OF SERVICE**

A copy of the foregoing was served upon counsel of record via Electronic Filing on September 24, 2015.

/s/ Michelle C. Lewis
MICHELLE C. LEWIS
Paralegal Specialist